JAMES C. POTEPAN (SBN 107370)
jpotepan@rmkb.com
COURTNEY E. CURTIS (SBN 245231)
ccurtis@rmkb.com
ROPERS, MAJESKI, KOHN & BENTLEY
515 South Flower Street, Suite 1100
Los Angeles, California 90071
Telephone:    (213) 312-2000
Facsimile:    (213) 312-2001

Attorneys for Defendant
HOT TOPIC, INC. d/b/a HOT TOPIC and TORRID

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| KAKU LAB CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>HOT TOPIC, INC., a California Corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO. C07-05297 BZ<br><br>**DEFENDANT HOT TOPIC'S ANSWER TO FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant Hot Topic, Inc. d/b/a Hot Topic and Torrid ("Defendant"), in answer to the First Amended Complaint of Plaintiff Kaku Lab Corporation ("Plaintiff"), for itself alone and for no other defendant, admits, denies, and alleges as follows:

### Jurisdiction and Venue

1. In response to paragraph 1 of the First Amended Complaint, Defendant admits that Plaintiff purports to assert a claim under the Copyright Act of the United States, 17 U.S.C. section 101 *et seq.* Except as otherwise admitted, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 1, and on that basis denies each and every remaining allegation contained therein.

2. In response to paragraph 2 of the First Amended Complaint, Defendant admits that

the federal district court has jurisdiction over claims arising under 17 U.S.C. section 101 *et seq*. Except as otherwise admitted, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 2, and on that basis denies each and every remaining allegation contained therein.

3. In response to paragraph 3 of the First Amended Complaint, Defendant admits that it is a California corporation, and that it conducts business in the Northern District, including operation of retail stores located within the Oakridge Mall in San Jose, California, the Valley Fair Mall located in Santa Clara, California, and the Eastridge Mall located in San Jose, California. Except as otherwise admitted, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 3, and on that basis denies each and every remaining allegation contained therein.

## Intradistrict Assignment

4. In response to paragraph 4 of the First Amended Complaint, Defendant admits that it is a California corporation, and that it conducts business in the Northern District. Except as otherwise admitted, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 4, and on that basis denies each and every remaining allegation contained therein.

## The Parties

5. In response to paragraph 5 of the First Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 5, and on that basis denies each and every allegation contained therein.

6. In response to paragraph 6 of the First Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 6, and on that basis denies each and every allegation contained therein.

## General Facts

7. In response to paragraph 7 of the First Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 7, and on that basis denies each and every allegation contained therein.

8. In response to paragraph 8 of the First Amended Complaint, Defendant admits that it received a letter from Plaintiff in or about October of 2006, in which Plaintiff claimed to own copyrights in certain "string dolls." Except as otherwise admitted, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 8, and on that basis denies each and every remaining allegation contained therein.

9. In response to paragraph 9 of the First Amended Complaint, Defendant denies that it has marketed and/or sold string dolls which infringe on Plaintiff's alleged copyrights. Except as otherwise denied, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 9, and on that basis denies each and every remaining allegation contained therein.

10. In response to paragraph 10 of the First Amended Complaint, Defendant admits that Plaintiff purports to attach a list of alleged "registered copyrights" to its First Amended Complaint as Exhibit "A." Except as otherwise admitted, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 10, and on that basis denies each and every remaining allegation contained therein.

11. In response to paragraph 11 of the First Amended Complaint, Defendant admits that Plaintiff purports to list names of products, which Plaintiff alleges are or were distributed by Defendant, which Plaintiff believes to be "infringing." Defendant denies that it has distributed products that infringe on Plaintiff's alleged copyrights. Except as otherwise admitted or denied, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 11, and on that basis denies each and every remaining allegation contained therein.

12. In response to paragraph 12 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

13. In response to paragraph 13 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

### First Cause of Action—Copyright Infringement

14. In response to paragraph 14 of the First Amended Complaint, Defendant incorporates each and every admission, denial, allegation, and other response contained in paragraphs 1 through 13 as though set forth in full herein.

15. In response to paragraph 15 of the First Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15, and on that basis denies each and every allegation contained therein.

16. In response to paragraph 16 of the First Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16, and on that basis denies each and every allegation contained therein.

17. In response to paragraph 17 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

18. In response to paragraph 18 of the First Amended Complaint, Defendant denies that it has engaged in "infringing conduct." Except as otherwise denied, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 18, and on that basis denies each and every remaining allegation contained therein.

19. In response to paragraph 19 of the First Amended Complaint, Defendant denies that it has engaged in "infringing conduct." Except as otherwise denied, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 19, and on that basis denies each and every remaining allegation contained therein.

### Affirmative Defenses

#### First Affirmative Defense

(Failure to State a Claim)

20. Plaintiff's First Amended Complaint, and each purported claim for relief alleged therein, fail(s) to state any claim upon which relief can be granted.

Second Affirmative Defense

(Merger/Scenes a Faire)

21. Plaintiff's claims are barred, in whole or in part, by the doctrines of merger and/or scenes a faire.

Third Affirmative Defense

(Mitigation)

22. On information and belief, Plaintiff has failed to mitigate its damages, if any.

Fourth Affirmative Defense

(Innocent Intent)

23. In the event that Defendant is found to have violated any rights held by Plaintiff, which Defendant denies, such violations were done with innocent intent and were not willful.

Fifth Affirmative Defense

(License)

24. Defendant was authorized or licensed by its vendors to resell or distribute the products it purchased from the vendors.

Sixth Affirmative Defense

(Lack of Originality)

25. The works that are the subject of this action, or the contributions to the works claimed by Plaintiff, are not sufficiently original to be copyrightable.

Seventh Affirmative Defense

(Failure to Register)

26. Plaintiff's claims are barred to the extent that any or all of the subject works were not properly registered with the United States Copyright Office prior to the commencement of this action.

Eighth Affirmative Defense

(Waiver)

27. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### Ninth Affirmative Defense

(Estoppel)

28. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### Tenth Affirmative Defense

(Lack of Jurisdiction)

29. The Court lacks jurisdiction over Plaintiff's claims for infringement of unregistered copyrights.

### Eleventh Affirmative Defense

(Lack of Standing)

30. On information and belief, Plaintiff lacks standing to maintain this action in that the Plaintiff is Kaku Lab Corporation, whereas the copyright "designers" as reflected in Exhibit "A" to Plaintiff's First Amended Complaint are individuals and/or entities other than Plaintiff Kaku Lab Corporation.

### Twelfth Affirmative Defense

(Failure to Join Necessary Party)

31. On information and belief, Plaintiff has failed to join a party necessary for just adjudication of this action as required by Fed. R. Civ. P. 19 in that the copyright "designers" as reflected in Exhibit "A" to Plaintiff's First Amended Complaint are individuals and/or entities other than Plaintiff Kaku Lab Corporation, and are not parties to this action.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**WHEREFORE,** Defendant Hot Topic prays as follows:

a. That Plaintiff take nothing by way of its First Amended Complaint;

b. That judgment be entered in favor of Defendant and against Plaintiff;

c. That Defendant be awarded its reasonable attorneys fees and costs of suit incurred herein; and

d. For such other and further relief as the Court deems just and proper.

DATED: February 19, 2008

ROPERS, MAJESKI, KOHN & BENTLEY

By: _____
JAMES C. POTEPAN
COURTNEY E. CURTIS
Attorneys for Defendant
HOT TOPIC, INC. d/b/a HOT TOPIC and TORRID

## Demand for Jury Trial

Defendant Hot Topic, Inc. d/b/a Hot Topic and Torrid ("Defendant") hereby demands trial by jury of this case as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED: February 19, 2008

ROPERS, MAJESKI, KOHN & BENTLEY

By: _____
JAMES C. POTEPAN
COURTNEY E. CURTIS
Attorneys for Defendant
HOT TOPIC, INC. d/b/a HOT TOPIC
and TORRID

|   |   |
|---|---|
| CASE NAME: | *Kaku Lab Corporation v. Hot Topic, Inc., et al.* |
| ACTION NO.: | C 07-05297 BZ |

### PROOF OF SERVICE

I am a citizen of the United States. My business address is 515 South Flower Street, Suite 1100, Los Angeles, California 90071. I am employed in the County of Los Angeles where this service occurs. I am over the age of 18 years, and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served a true copy of the foregoing document described as:

**DEFENDANT HOT TOPIC'S ANSWER TO FIRST AMENDED COMPLAINT**

☐ (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

☒ (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.

☐ (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

☐ (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

**\* SEE SERVICE LIST \***

☒ *(Federal)* I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 19, 2008, at Los Angeles, California.

*Jennie Cecchini* (signature)
Jennie Cecchini

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

RC1/5072432.1/JC7                                                                                            PROOF OF SERVICE

CASE NAME:   *Kaku Lab Corporation v. Hot Topic, Inc., et al.*

ACTION NO.:   C 07-05297 BZ

### SERVICE LIST

**Attorneys for Plaintiff KAKU LAB CORPORATION**
Shawn T. Leuthold, Esq.
Attorney at Law
1671 The Alameda, Suite 303
San Jose, California 95126
Phone: (408) 924-0132
Fax: (408) 924-0134
E-Mail: leuthold@aol.com