SHAWN T. LEUTHOLD
leuthold@aol.com
Attorney at Law
1671 The Alameda, Suite 303
San Jose, California 95126
Telephone: (408) 924-0132
Facsimile: (408) 924-0134

Attorneys for Plaintiff
KAKU LAB CORPORATION

JAMES C. POTEPAN (SBN 107370)
jpotepan@rmkb.com
COURTNEY E. CURTIS (SBN 245231)
ccurtis@rmkb.com
ROPERS, MAJESKI, KOHN & BENTLEY
515 South Flower Street, Suite 1100
Los Angeles, California 90071
Telephone: (213) 312-2000
Facsimile: (213) 312-2001

Attorneys for Defendant
HOT TOPIC, INC. d/b/a HOT TOPIC and TORRID

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| KAKU LAB CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>HOT TOPIC, INC., a California Corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO. C07-05297 CRB<br><br>JOINT CASE MANAGEMENT STATEMENT [Local Rule 16-9]<br><br>DATE:        March 21, 2008<br>TIME:        8:30 a.m.<br>COURTROOM:   8 – 19th Floor |

Pursuant to Civil Local Rule 16-9, Plaintiff Kaku Lab Corporation ("Plaintiff"), and Defendant Hot Topic, Inc. ("Defendant"), hereby submit the following Joint Case Management Statement:

Jurisdiction and Service:

Plaintiff purports to assert a claim against Defendant under the Copyright Act of the United States, 17 U.S.C. section 101 *et seq.*, and the federal district court has jurisdiction over claims arising under 17 U.S.C. section 101 *et seq.* However, to the extent that Plaintiff alleges that Defendant has infringed any of its unregistered copyrights, the federal district court lacks subject matter jurisdiction over any such claims.

The parties are not aware of any issues regarding personal jurisdiction or venue at this time, and are not aware of any parties that remain to be served.

Facts:

This is an action for federal copyright infringement by Plaintiff Kaku Lab Corporation against Defendant Hot Topic, Inc., doing business as Hot Topic and Torrid. Plaintiff alleges that Defendant is selling various string "voodoo doll" accessories that infringe on its copyrighted voodoo doll designs. Specifically, Plaintiff alleges that Defendant has infringed the following copyrights: (1) "Lover Boy/In Love," registration no. VA 1-359-086; (2) "Judo Sensei/Konfu Kid," registration no. VA 1-359-091; (3) "Sid/Mr. T," VA 1-353-127; (4) "Red Devil/Demon Guard," registration no. VA 1-353-187; (5) "The Vampire/Dracula," VA 1-359-085; (6) "Jo Ninja/Ninja," registration no. VA 1-359-088; (7) "The Zombie/Voodoo Me," registration no. VA 1-353-128.

The principal factual issues in dispute are (1) whether Plaintiff owns valid copyrights in the string voodoo dolls (i.e., whether Plaintiff can present proof of a valid assignment from the authors/copyright claimants of the subject works, and whether the subject works are sufficiently original to merit copyright protection); (2) whether the alleged copyright infringement by Defendant was "willful"; (3) whether Plaintiff has been damaged by the alleged infringement, and if so, to what extent; and (4) the amount of Defendant's profits, if any, resulting from the alleged infringement.

Legal Issues:

The Copyright Act of the United States, 17 U.S.C. section 101 *et seq.*, provides the controlling law. To prevail on a claim of copyright infringement, a plaintiff must establish: (1)

ownership of a valid copyright, and (2) copying of constituent elements of the work which are original. *Feist Pub'lns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). The parties do not dispute that this is the applicable law.

Motions:

There have been no prior motions, and the parties do not anticipate any forthcoming motions at this time.

Amendment of Pleadings:

Plaintiff has already filed a First Amended Complaint. It is possible that Defendant may seek to add third party claims against its distributor(s) for the alleged infringing products. However, at this time, the parties do not expect any further amendments to the pleadings.

Evidence Preservation:

Counsel for Plaintiff and Counsel for Defendant have agreed to instruct the parties to preserve any electronically stored information during the pendency of this litigation.

Disclosures:

Counsel for Plaintiff and Counsel for Defendant have engaged in the conference of the parties required by Federal Rule of Civil Procedure 26(f), and will timely file the requisite joint report. The parties have stipulated to make the disclosures required by Federal Rule of Civil Procedure 26(a)(1) within 21 days following the early meeting of counsel.

Discovery:

The parties have not engaged in any formal discovery efforts to date. The parties do not wish to make any changes to the form or requirement of initial disclosures under Rule 26(a). The parties have tentatively agreed to the following discovery plan:

(1) Discovery shall commence immediately after the initial disclosure deadline, i.e., March 31, 2008.

(2) All discovery, except expert discovery shall conclude by December 1, 2008.

(3) Expert discovery shall conclude by February 1, 2009.

(4) The parties adopt Rule 26(b)(1) concerning the scope of discovery in this case. The parties do not believe that the phasing of discovery is necessary. Discovery will be necessary on all liability and damages issues.

Class Actions:

This is not a class action case.

Related Cases:

The parties are not aware of any related cases at this time.

Relief:

Plaintiff alleges that it is entitled to a preliminary and permanent injunction against Defendant. Plaintiff also claims that it has sustained monetary damages, and that it is entitled to disgorgement of Defendants' profits earned as a result of the alleged infringement. Plaintiff has not yet disclosed an amount of any damages it seeks.

Defendant denies that Plaintiff is entitled to any form of injunctive relief, denies that Plaintiff has sustained monetary or any other damages, and denies that Plaintiff is entitled to a disgorgement of Defendant's profits. However, in the event that Defendant's liability is established, Defendant contends that damages should be calculated pursuant to 17 U.S.C. §§ 412, 502, 504, 505.

Settlement and ADR:

The parties believe that this case is best suitable for participation in either an Early Neutral Evaluation ("ENE"), or a private mediation. The parties intend to timely comply with ADR Local Rule 3-5, and believe that there is a reasonable prospect for early settlement. The parties anticipate, however, that certain preliminary discovery will be necessary on liability and damages issues before the parties can engage in meaningful settlement discussions.

Consent to Magistrate Judge For All Purposes:

Not all parties consented to assignment to a Magistrate Judge for all purposes. Accordingly, this case was re-assigned to a District Court Judge.

1   Other References:

2   The parties do not believe that this case is suitable for reference to binding arbitration, a
3   special master, or the Judicial Panel on Multidistrict Litigation.

4   Narrowing of Issues:

5   Defendant contends that Plaintiff's claims for copyright infringement are narrowed to
6   claims for infringement of registered copyrights only, and claims for which Plaintiff can allege
7   *which* specific registered, original work forms the subject of its copyright claim.

8   Expedited Schedule:

9   The parties do not believe that this case can be handled on an expedited basis.

10  Scheduling:

11  The parties have tentatively agreed to the following discovery plan:

12  (1) Discovery shall commence immediately after the initial disclosure deadline, i.e.,
13  March 31, 2008.

14  (2) All discovery, except expert discovery, shall conclude by December 1, 2008.

15  (3) Expert discovery shall conclude by February 1, 2009.

16  The parties defer to the Court for designation of appropriate dates for the pretrial
17  conference and trial.

18  Trial:

19  The parties have both demanded trial by jury. The expected length of trial is two weeks.

20  Disclosure of Non-party Interested Entities or Persons:

21  The following listed persons, associations of persons, firms, partnerships, corporations, or
22  other entities (i) have a financial interest in the subject matter in controversy or in a party to the
23  proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be
24  substantially affected by the outcome of this proceeding:

25  1.   Plaintiff Kaku Lab Corporation;
26  2.   Defendant Hot Topic, Inc. d/b/a Hot Topic and Torrid;
27  3.   Travelers Insurance Company, Defendant Hot Topic's insurer;
28  4.   Barry Owen Company, Inc., third party product vendor of Defendant Hot Topic;

5. Stitch and Spike, Inc., third party product vendor of Defendant Hot Topic;

6. Kamibashi, third party product vendor of Defendant Hot Topic;

7. Kanya Thuaylai, an individual, copyright claimant of certain subject copyrights;

8. Tanayot Saihaikum, an individual, copyright claimant of certain subject copyrights;

9. Taweechas Boontoom, an individual, copyright claimant of certain subject copyrights;

10. Sam_ha Limited Partnership (a Thailand Limited Partnership), alleged owner of subject copyrights.

Dated: March __ ___, 2008

By: _____
SHAWN T. LEUTHOLD
Attorney for Plaintiff KAKU LAB
CORPORATION

Dated: March __ ___, 2008          ROPERS, MAJESKI, KOHN & BENTLEY

By:_____
JAMES C. POTEPAN
COURTNEY E. CURTIS
Attorneys for Defendant
HOT TOPIC, INC. D/B/A HOT TOPIC
AND TORRID

CASE NAME: *Kaku Lab Corporation v. Hot Topic, Inc., et al.*

ACTION NO.: C 07-05297 CRB

## PROOF OF SERVICE

I am a citizen of the United States. My business address is 515 South Flower Street, Suite 1100, Los Angeles, California 90071. I am employed in the County of Los Angeles where this service occurs. I am over the age of 18 years, and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served a true copy of the foregoing document described as:

**JOINT CASE MANAGEMENT STATEMENT**
**[Date: March 21, 2008 @ 8:30 a.m. – Courtroom 8]**

☐ (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

☒ (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.

☐ (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

☐ (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

**\* SEE SERVICE LIST \***

☒ *(Federal)* I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 14, 2008, at Los Angeles, California.

Jennie Cecchini

CASE NAME: *Kaku Lab Corporation v. Hot Topic, Inc., et al.*

ACTION NO.: C 07-05297 CRB

## SERVICE LIST

**Attorneys for Plaintiff KAKU LAB CORPORATION**
Shawn T. Leuthold, Esq.
Attorney at Law
1671 The Alameda, Suite 303
San Jose, California 95126
Phone: (408) 924-0132
Fax: (408) 924-0134
E-Mail: leuthold@aol.com