**ROSS**
**DRESS FOR LESS**

ROSS STORES, INC.
4440 Rosewood Drive, Pleasanton, CA 94588

(925) 965-4570
Fax (925) 965-4189
Mark.LeHocky@ros.com

Mark LeHocky
Senior Vice President, General Counsel

May 9, 2008

Shawn Leuthold – leuthold@aol.com
Attorney at Law
1671 The Alameda #203
San Jose, CA 95126

James Potepan – jpotepan@ropers.com
Courtney Curtis – ccurtis@ropers.com
ROPERS MAJESKI
515 South Flower Street, Suite 2100
Los Angeles, CA 90071

**Re: Kaku Lab Corp. v. Hot Topic, Inc.: C 07-05297 CRB MED**

Dear Counsel:

I am writing to confirm the details with respect to our upcoming mediation session in the above-captioned case:

- The mediation will take place on Thursday, July 24, 2008 commencing at 10:00 a.m. at our corporate offices here in Pleasanton. Please arrive a few minutes early and my assistant will arrange to bring you to a conference room at our building.
- In addition to your attendance on behalf of your respective clients, you will arrange to have the following decision-makers in attendance at our mediation session:
    - Plaintiff will have in attendance Robin Kou, CEO and President of Kaku Lab Corp.
    - Defendant will have in attendance Hot Topic's general counsel (Stephanie Stevens) and Barbara Myles, the adjuster for Hot Topic's insurer Traveler's. Counsel will immediately confirm the availability of each of these individuals to attend in person on July 24th, and notify us all within the next few business days if a different date is necessary.
    - As we discussed by phone, the failure to have individuals present with full decision-making authority is one of the few violations that will cause me to report back to the Court's ADR program that the parties have not abided by the rules, and based upon a few experiences, I know will cause the Court to issue appropriate sanctions. Thanks in advance for making sure that doesn't happen here.
    - As we discussed by phone, the failure to have individuals present with full decision-making authority is one of the few violations that will cause me to report back to the Court's ADR program that the parties have not abided by the rules, and based upon a few experiences, I know will cause the Court to issue appropriate sanctions. Thanks in advance for making sure that doesn't happen here.

Shawn Leuthold
James Potepan
Courtney Curtis
May 9, 2008

- As I also described, I will invoke the Court's rule authorizing the mediator to charge the parties for any incremental time spent at the mediation in excess of four hours, first at the Court's current approved rate for the first 4 incremental hours, and then at my mediation rate of $500 per hour. In the event that this mediation session runs into this incremental period, as I mentioned, you will each be asked to contribute directly those fees to one of two charitable organizations I support – either the American Cancer Society or the University of California at Berkeley's School of Law. In that scenario, you get to claim the tax deduction as no monies are paid to me or through me. As I described, I employ this rule in order to assure that the parties are as efficient in their use of their time as well as mine during the mediation session. None of my preparation time leading up to the mediation, including the conference calls or reviewing mediation materials, count against this formula.
- During our call today, the parties agreed to exchange material relating to the issues and potential damage claims by May 30th. I appreciate your efforts in this regard, insofar as this exchange should narrow the issues and facilitate a productive mediation.
- Your mediation briefs are to be exchanged and delivered to me seven days before the scheduled mediation date. Electronic copies are fine with me. If you rely upon any physical samples or other images, please send me examples or photos with your mediation materials, and bring actual samples with you to the mediation. Any physical samples I receive will be returned to you at the end of the mediation process.
- To the extent that the mediation date we selected is beyond the Court's current schedule for completing this process, you should notify the Court as soon as feasible and request an extension of that deadline. From my experience, I anticipate that the Court will accommodate your request and you are welcome to represent that I am agreeable to the extended schedule. Either way, you should secure the appropriate authorization from Judge Breyer.
- As I mentioned during our call, once I have your mediation materials, I may contact counsel directly prior to the mediation with some follow-up questions or ideas. All such conversations – as well as the entire mediation discussions -- are and will remain confidential.

If any material developments take place with respect to your case that may impact the mediation, please let me know. Otherwise, I look forward to meeting and assisting you on July 24th.

Sincerely,

Mark LeHocky
Senior Vice President, General Counsel

cc: Clerk's Office – ADR Unit (Alice_Fiel@cand.uscourts.gov)