1  SHAWN T. LEUTHOLD (SBN 178147)
   leuthold@aol.com
2  Attorney at Law
   1671 The Alameda, Suite 303
3  San Jose, California 95126
   Telephone: (408) 924-0132
4  Facsimile: (408) 924-0134

5  Attorneys for Plaintiff
   KAKU LAB CORPORATION
6

7  JAMES C. POTEPAN (SBN 107370)
   jpotepan@rmkb.com
8  COURTNEY E. CURTIS (SBN 245231)
   ccurtis@rmkb.com
9  ROPERS, MAJESKI, KOHN & BENTLEY
   515 South Flower Street, Suite 1100
10 Los Angeles, California  90071
   Telephone:    (213) 312-2000
11 Facsimile:    (213) 312-2001

12 Attorneys for Defendant
   HOT TOPIC, INC. d/b/a HOT TOPIC and TORRID
13

14              UNITED STATES DISTRICT COURT

15              NORTHERN DISTRICT OF CALIFORNIA

16                 SAN FRANCISCO DIVISION

17

18 | KAKU LAB CORPORATION,                  | Case No. C07-05297 CRB
19 |            Plaintiff,                  | **STIPULATION FOR ENTRY OF PROTECTIVE ORDER RE CONFIDENTIALITY**
20 | v.
21 | HOT TOPIC, INC., a California Corporation; and DOES 1 through 20,
22 | inclusive,
23 |            Defendants.

24

25 / / /

26 / / /

27 / / /

28

RC1/5096043.1/CC10                    -1-                    Stipulation for Entry of Protective Order
                                                              Re Confidentiality; [Proposed] Order
                                                              Case No. C07-05297

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

### Good Cause Statement

Federal Rule of Civil Procedure Rule 26(c)(1) permits the grant of a protective order upon a showing of good cause, and provides that the protection of a trade secret or other confidential commercial information is a proper basis for the issuance of a protective order.

This is a copyright infringement lawsuit. The threshold issues in the Complaint center on the validity of the subject copyrights and alleged infringement of the copyrights by the accused products. Resolution of these issues and damages analysis will likely require evidence of creation dates, first sales, cost of manufacture, customer lists, vendor information, sales data, and similar matters to be disclosed, at minimum, to opposing counsel. The parties expect to propound discovery requests that seek information regarding profits and other confidential financial information, such as purchase and sales prices, invoices, manufacturing costs, distribution costs, and income.

This Protective Order is geared toward allowing resolution of the factual and legal issues without imposing undue competitive harm on the parties. The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to confidential treatment. The parties further acknowledge that this Protective Order creates no entitlement to file confidential information under seal. Accordingly,

**IT IS HEREBY STIPULATED** by and among the parties hereto, through their respective counsel of record, that, to the extent the parties produce or provide documents, things, testimony, or information that comprise or contain Confidential Information, such documents, things, testimony, or information may be produced or provided upon the following terms and conditions:

1. A party to this action who produces or provides documents, things, testimony, or other information, which he, she, or it reasonably believes to comprise or contain Confidential Information, and which he, she, or it desires to be subject to this Protective Order, shall designate such information or materials as either "CONFIDENTIAL" or "CONFIDENTIAL–

ATTORNEYS' EYES ONLY." Confidential Information shall be defined as information which has not been made public, including trade secrets or other confidential research, development, or commercial information, material required to be kept confidential by state or federal law, or highly sensitive personal information.

2. The designation of documents, things, testimony, or other information as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" shall be made as follows:

(a) Documents and things comprising or containing Confidential Information shall be designated by prominently stamping or marking the documents or things with the term "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY." If a confidential document consists of multiple pages, each page of the document shall be so stamped or marked.

(b) A deposition transcript comprising or containing Confidential Information shall be designated "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" by requesting such treatment thereof either on the record at the time of the deposition or by written notice after service of the deposition transcript. If confidential treatment of a deposition transcript is requested on the record at the time of the deposition, the requesting party shall instruct the court reporter to stamp or mark each page of the transcript containing the Confidential Information with the terms "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY." The requesting party may also instruct the court reporter to separately bind such designated pages of the transcript. If confidential treatment of a transcript is requested by a party by written notice after completion of a deposition, such written notice shall be mailed to all other parties within twenty (20) days after completion and service of the transcript. Such written notice shall specifically identify by page and line number all portions of the transcript that should be treated as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" in accordance with this Protective Order. Documents or things used as exhibits at a deposition that a party desires to be subject to this Protective Order shall be separately stamped or marked "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" as specified in paragraph 2(a).

(c)     Any party may designate documents or things produced by a third party pursuant to a subpoena as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" by providing written notice to each other party within ten (10) days of receipt of the documents or things produced by the third party. Such written notice shall specifically identify each document or thing produced by the third party that should be treated as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" in accordance with this Protective Order.

(d)     Notwithstanding any other provision of this Order, if any party believes that any document or other information not designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" should be so designated (except documents or information belonging to another party), that party shall notify the other parties within 30 days following production of the documents or other information and request that the information be designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY." A party requesting that documents be treated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" in accordance with this paragraph shall also provide each other party with copies of such documents that have been stamped or marked "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" in the manner indicated above. Documents or information designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" in accordance with this paragraph shall be treated in accordance with such designation from the date of receipt of the request that they be so treated and receipt of copies of the documents that have been appropriately stamped or marked "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY."

3.      By designating a document, thing, testimony, or other information as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" in accordance with this Protective Order, the party making such designation certifies that there is a good faith basis in both fact and law for the designation.

4.      In the absence of designating a document, thing, testimony, or other information as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" in accordance with this Protective Order, such documents, things, testimony, or other information shall be deemed to

be non-confidential and not restricted by this Protective Order.

5. Information and materials designated as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" shall be held by counsel in confidence and shall be used solely in connection with the prosecution, defense, or settlement of this action. Information and materials designated as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" shall not be disclosed to any person except as hereinafter provided. Information and materials designated "CONFIDENTIAL" pursuant to this Protective Order (including any copies, summaries, excerpts, and abstracts derived therefrom) may be disclosed, directly or indirectly, only to the following qualified persons:

(a) The Court before which this action is pending and the clerks and other personnel of the Court;

(b) The attorneys of record for the parties in this matter;

(c) The office personnel employed by the attorneys of record working under direct supervision of said attorneys;

(d) Experts or other persons retained by counsel to assist in the prosecution, defense, or settlement of this action, provided that said experts and consultants expressly agree to be bound by the terms of this Protective Order;

(e) Any party, and any party's officers, directors, or partners, provided that such persons expressly agree to be bound by the terms of this Protective Order;

(f) Third-party witnesses to the extent they have had access to the Confidential Information prior to the entry of this Protective Order;

(g) Court reporters at depositions or other proceedings in this matter and persons providing litigation support services for counsel of record including photocopying, videotaping, transcribing, translating, and preparing exhibits;

(h) Any mediator or arbitrator mutually selected by the parties or appointed by the Court for the purpose of assisting in the settlement of this action; and

(i) Such other persons as the parties may agree to in writing, or who may be designated by the Court.

6. Information and materials designated "CONFIDENTIAL–ATTORNEYS' EYES ONLY" pursuant to this Protective Order (including any copies, summaries, excerpts, and abstracts derived therefrom) may be disclosed, directly or indirectly, only to the following qualified persons:

(a) The Court before which this action is pending and the clerks and other personnel of the Court;

(b) The attorneys of record for the parties in this matter;

(c) The office personnel employed by the attorneys of record working under direct supervision of said attorneys;

(d) Experts or other persons retained by counsel to assist in the prosecution, defense, or settlement of this action, provided that said experts and consultants expressly agree to be bound by the terms of this Protective Order;

(e) Third-party witnesses to the extent they have had access to the Confidential Information prior to the entry of this Protective Order;

(f) Court reporters at depositions or other proceedings in this matter and persons providing litigation support services for counsel of record including photocopying, videotaping, transcribing, translating, and preparing exhibits;

(g) Any mediator or arbitrator mutually selected by the parties or appointed by the Court for the purpose of assisting in the settlement of this action; and

(h) Such other persons as the parties may agree to in writing, or who may be designated by the Court.

7. Prior to receiving any documents, things, testimony, or other information designated as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY," each "qualified person" specified above in paragraphs 6(d) and (e) and 7(d) shall be provided with a copy of this Protective Order and shall execute a Nondisclosure Agreement in the form of Attachment A. Counsel who disclose designated Confidential Information to such a "qualified person" shall maintain the executed copy of the Nondisclosure Agreement in his or her file and make it available at or in connection with any Court proceeding where it may be called for.

8. This Protective Order shall not expand or restrict the rights of any party to either demand the production of any documents, things, or information, or to object to any demand for documents, things, or information, or to withhold any documents, things, or information. Nor shall this Protective Order expand or restrict the rights of any party to seek to have the Court compel the production of any documents, things, or information.

9. This Protective Order shall not restrict the rights of any party to use or disseminate any documents, things, or information obtained independently of discovery in this action, whether or not such documents, things, or information are also obtained through discovery. Nothing in this Protective Order shall restrict a party from using, disclosing, or disseminating its own documents, things, or information as it deems appropriate, whether or not such documents, things, or information have been designated "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" in accordance with this Protective Order.

10. If any documents, things, or information designated as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" are included with any papers filed with the Court, the proposed filing shall be accompanied by an application to file the papers, or the portion thereof containing the protected information, under seal. This application shall be directed to the judge to whom the papers are directed. In addition, the filing party shall file such papers and materials under seal in accordance with the procedures required by California Northern District Civil Local Rule 79-5 or other similar Court rules that may be controlling at the time of the filing of such papers or materials.

11. In the event that any documents, things, or information designated as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" are used in any Court proceeding in this action, the parties shall take all reasonable steps to maintain their confidentiality, provided that any protective measures relating to confidential information used in Court proceedings in this matter shall be presented, at an appropriate time, to the judicial officer conducting the proceeding.

12. Maintenance of the protected status of any "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" documents, things, or information shall in all

cases be subject to further order of the Court. Nothing herein shall preclude any party upon proper notice to all other parties from applying to the Court for any modification of this Protective Order, or moving the Court for an order changing the status of any particular designated information or document, or relieving a party from the restrictions contained in this Protective Order, or from applying to the Court for further or additional protective orders. Any motion filed with respect to this Protective Order or documents, things, or information labeled "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" must comply with the Local Rules.

13.   No party shall be obligated to challenge the propriety of the designation of any documents, things, or information as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY," and the failure to do so shall not constitute acquiescence as to the appropriateness of the designation or otherwise preclude a subsequent challenge to the designation.

14.   The inadvertent production of any confidential document lacking the physical designation "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" shall be without prejudice to any subsequent claim that such material is confidential, and no party shall be held to have waived any rights by such inadvertent production. Upon written demand of the producing party or non-party, all copies of any confidential document lacking the physical designation "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" shall be returned immediately to the producing party. The producing party will supply to each of the other parties a copy of the document properly designated "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" concurrently with the written demand for return. Any disclosure made before such notification shall not be deemed to be in violation of this Protective Order.

15.   The inadvertent production of any privileged document or any document protected from disclosure by the work product doctrine shall be without prejudice to any subsequent claim that such document is privileged or protected from disclosure by the work product doctrine. The failure to designate any document in accordance with the terms of this Protective Order shall not, by itself, be deemed an automatic waiver of the privilege or the work product doctrine.

16.   At the final conclusion of this action, including any appeal or time for appeal, any

party may serve a written notice on the other parties demanding that the "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" documents and things that were produced by that party and that are still in existence, including all copies, summaries, excerpts, and abstracts thereof, be returned or destroyed. Within thirty (30) days of receipt of such a demand, counsel shall certify in writing that such documents and things have been returned or destroyed. Notwithstanding the foregoing, counsel may retain archival copies of documents consisting of or containing Confidential Information, including trial, hearing, and deposition transcripts and exhibits, and pleadings and other documents submitted to the Court. Counsel may also retain documents or things that are their own work product or that are subject to the attorney-client privilege.

17. The parties to this agreement may change its terms or effects at any time by further mutual agreements in writing as approved by the Court.

18. This Protective Order is entered solely for the purpose of facilitating the exchange of documents, things, and information between the parties in this action. Nothing in this Protective Order nor the production of any documents, things, or information under the terms of this Protective Order nor any proceedings pursuant to this Protective Order shall be deemed to have the effect of an admission or waiver of any kind by any party.

/ / /

/ / /

/ / /

19. The parties and their attorneys and any other persons subject to the terms of this Protective Order agree that the Court shall have jurisdiction over them for the purpose of enforcing this Protective Order.

Dated: May 9, 2008

By: _____
SHAWN T. LEUTHOLD
Attorney for Plaintiff KAKU LAB
CORPORATION

Dated: May 13, 2008                ROPERS, MAJESKI, KOHN & BENTLEY

By:_____
JAMES C. POTEPAN
COURTNEY E. CURTIS
Attorneys for Defendant
HOT TOPIC, INC. D/B/A HOT TOPIC
AND TORRID

# Attachment A

## NONDISCLOSURE AGREEMENT

I, _____, state that:

1. My address is

    _____.

2. My current employer is

    _____.

3. My present occupation or job title is

    _____.

4. I have received a copy of the Protective Order entered in the case of *Kaku Lab Corporation v. Hot Topic, Inc.*, United States District Court for the Northern District of California Case No. C07-05297.

5. I have read and understand the Protective Order. I hereby agree to comply with all of the terms of the Protective Order, including holding in confidence and not disclosing to any unqualified person all documents, things, or information designated "CONFIDENTIAL" or 'CONFIDENTIAL – ATTORNEYS' EYES ONLY."

6. I hereby consent to the jurisdiction of the United States District Court for the Northern District of California for the purposes of enforcing the Protective Order and this agreement to be bound thereby.

Dated: _____

City and State where signed:

_____

_____
SIGNATURE

_____
PRINT NAME

CASE NAME:     *Kaku Lab Corporation v. Hot Topic, Inc., et al.*

ACTION NO.:     **C 07-05297 CRB**

## PROOF OF SERVICE

I am a citizen of the United States. My business address is 515 South Flower Street, Suite 1100, Los Angeles, California 90071. I am employed in the County of Los Angeles where this service occurs. I am over the age of 18 years, and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served a true copy of the foregoing document described as:

**STIPULATION FOR ENTRY OF PROTECTIVE ORDER RE CONFIDENTIALITY; [PROPOSED] ORDER**

☐ (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

☒ (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.

☐ (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

☐ (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

**\* SEE SERVICE LIST \***

☒     *(Federal)* I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 14, 2008, at Los Angeles, California.

*/s/ Jennie Cecchini*
Jennie Cecchini

CASE NAME: *Kaku Lab Corporation v. Hot Topic, Inc., et al.*

ACTION NO.: C 07-05297 CRB

# SERVICE LIST

**Attorneys for Plaintiff KAKU LAB CORPORATION**
Shawn T. Leuthold, Esq.
Attorney at Law
1671 The Alameda, Suite 303
San Jose, California 95126
Phone: (408) 924-0132
Fax: (408) 924-0134
E-Mail: leuthold@aol.com